JUSTICE GRAY,
specially concurring.
I concur in the Court’s opinion except as to issue 2. I specially concur with regard to that issue, agreeing with the result reached by the Court but not with all that is said in reaching that result.
Specifically, I am unconvinced that the shooting incident which occurred when officers were in the process of retaking the maximum security unit was relevant to any “fact that is of consequence to the determination of the action” under Rule 401, M.R.Evid. Nor am I convinced that the shooting incident, which occurred after the offenses with which Langford was charged had been committed, falls within the corpus delicti of those offenses.
Nonetheless, in the context of the overall evidence of Langford’s acts in participating in the riot, I conclude that admission of the evidence was error concerning which Langford did not establish any prejudice. Thus, it is my view that admission of the shooting incident evidence was harmless error by the District Court, not reversible by this Court.